# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| **Choun Son,**<br>Petitioner<br>-vs-<br>**Katrina S. Kane,**<br>Respondent | CV-10-2248-PHX-SRB (JRI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2241** |
|---|---|

## I. MATTER UNDER CONSIDERATION

Petitioner, incarcerated at the time in the Federal Detention Center in Eloy, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on October 21, 2010 (Doc. 1). On January 25, 2011 Respondent filed her Motion to Dismiss for Mootness (Doc. 11). On February 8, 2011, the Court ordered Petitioner to file a notice of change of address or show cause why the case should not be dismissed for failure to prosecute (Doc. 14). Petitioner has not responded to the motion to dismiss or the order to show cause.

The matter is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

On October 21, 201, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(Doc. 1), challenging his detention without bond in the Federal Detention Center in Eloy, Arizona, while awaiting removal to Cambodia. Petitioner's Petition alleges that he was ordered removed on April 20, 2010, and has been detained more

1 than 180 days. (Petition, #1 at 4.)

2 In the Notice of Assignment filed October 21, 2010 (Doc. 2), Petitioner was advised 3 of his obligation to file a Notice of Change of Address. Similarly, the Service Order advised 4 Petitioner that:

> Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

8 (Order 12/30/10, Doc. 5 at 2.)

9 On January 25, 2011, Respondent file her Motion to Dismiss (Doc. 11), arguing that 10 the Petition was moot because Petitioner had been released on an order of supervision on or 11 about January 24, 2011. Petitioner was ordered to respond to the Motion by February 11, 12 2011, and was reminded of his obligation to file a notice of change of address. (Order 13 1/28/11 Doc. 12.) The Clerk was directed to forward copies of the order to Petitioner at his 14 address of record and to the release address reflected on the Order of Supervision supplied 15 by Respondent. (*Id.*)

16 On February 4, 2011, Petitioner's copy of the Order (Doc. 12) was returned 17 undeliverable with the notation that Petitioner was "not in custody." (Doc. 13.) 18 Accordingly, on February 8, 2011, the Court entered an Order (Doc. 14 ) giving Petitioner 19 fourteen days to either: (1) file a notice of change of address; or (2) show cause why his 20 Petition should not be dismissed for failure to prosecute in light of his failure to file a Notice 21 of Change of Address as previously ordered. Copies of that order were sent to Petitioner at 22 his last known incarceration address and the release address utilized by Respondents. On 23 February 14, 2011, Petitioner's copy of that order sent to the address of record was returned 24 undeliverable with the notation that "unclaimed/not in custody." (Doc. 15.) Petitioner has 25 not responded.

26 / /

27 / /

28 / /

## III. APPLICATION OF LAW TO FACTS

### A. MOOTNESS OF HABEAS PETITION

Respondent has moved to dismiss on the basis that the Petition has been rendered moot by Petitioner's release on order of supervision. "Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Commission v. Geraghty,* 445 U.S. 388, 395, 100 S.Ct. 1202, 1208 (1980). This limitation restricts the jurisdiction of the federal courts to cases where there is a possible judicial resolution. *Id.* A moot action is not subject to a judicial resolution.

A moot action is one in which the parties lack a legally cognizable interest in the outcome. The test for mootness is whether the court can give a party any effective relief in the event that it decides the matter on the merits in their favor. "That is, whether the court can 'undo' the effects of the alleged wrongdoing." *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1989).

A habeas petition may be rendered moot following a subsequent release from custody, absent other, collateral consequences that flow from the complained of imprisonment. *Lane v. Williams,* 455 U.S. 624 (1982). While the existence of such collateral consequences is irrebuttably presumed in some habeas challenges to criminal convictions, *see e.g., Sibron v. New York,* 392 U.S. 40 (1968); *Chacon v. Wood,* 36 F.3d 1459 (9th Cir. 1994), no such presumption applies to habeas petitions challenging immigration orders.

Here, Petitioner does not challenge his underlying removal order, but merely his continued detention pending the execution of that order. His release on an Order of Supervision has arguably resulted in the termination of any detention. However, Petitioner has not been heard from on the issue, and it is at least conceivable that the conditions of his release may be such that there remains relief to be granted. This issue need not be reached, however, to dispose of the matter.

//
//
//

## B. FAILURE TO PROSECUTE

**Failure to Update Address** - Local Civil Rule 83.3(d) provides:

> An attorney or unrepresented party must file a notice of a name or address change, and an attorney must also file a notice of a change of firm name or e-mail address. The notice must be filed no later than 10 days before the effective date of the change, except that an unrepresented party who is incarcerated must submit a notice within 5 days after the effective date of the change. A separate notice must be filed in each active case.

Petitioner was three times been given specific notice (Notice of Assignment, Doc. 2; Order, Doc. 5; and Order, Doc. 12) of his obligation to file a notice of change of address, and an Order (Doc. 14) specifically directing him to do so.

It is the duty of a party who has filed a *pro se* action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Petitioner. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).

Moreover, Petitioner has failed to respond to the Court's Order to Show Cause about his address and to respond to the Motion to Dismiss regarding the mootness of his petition. In so doing, Petitioner has failed to prosecute this action.

"The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626, 630-631 (1962). "Accordingly, when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting. Whether such an order can stand on appeal depends not on power but on whether it was within the permissible range of the court's discretion." *Id.* at 633.

In determining whether an abuse of discretion has occurred, a number of factors are

relevant, including the plaintiff's diligence, the trial court's need to manage its docket, the danger of prejudice to the party suffering the delay, the availability of alternate sanctions, and the existence of warning to the party occasioning the delay. *See, e.g., Hamilton v. Neptune Orient Lines, Ltd.,* 811 F.2d 498, 499 (9th Cir.1987).

Petitioner has failed to prosecute this action, and dismissal is therefore within the discretion of the Court. *Link v. Wabash R. Co., supra.* In the instant case, Petitioner appears to have abandoned this action upon his release from the Detention Center. Petitioner has had over two months since his release to file a notice of change of address. Further delay to the Court and to Respondent is not warranted. Also, Petitioner has received adequate warning of the potential of such action, and in light of Petitioner's refusal to respond to the Court, less onerous sanctions will be ineffective.

The undersigned finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the undersigned finds that a dismissal with prejudice would be unnecessarily harsh. Therefore, a recommendation will be made that this matter be dismissed without prejudice.

## IV. CERTIFICATE OF APPEALABILITY

Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." However, such certificates are only required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). This case arises under 28 U.S.C. § 2241, and does not attack a State court detention. Accordingly, no ruling on a certificate of appealability is required, and no recommendation thereon will be offered.

//

//

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed October 21, 2010 (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

**IT IS FURTHER RECOMMENDED** that the Respondent's Motion to Dismiss, filed January 25, 2011 (Doc. 11) be **DENIED** as moot.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to *Local Civil Rule 7.2(e)(3)*, unless otherwise permitted by the Court, an objection to a Report and Recommendation shall not exceed ten (10) pages. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: March 7, 2011

_____
JAY R. IRWIN
United States Magistrate Judge